IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| JOHN JOSEPH DOMBECK and PATRICIA ANNE DOMBECK, | Bankruptcy No. 05-21750-MBM |
| Debtors. | |
| Walton Financial Services, Inc., Plaintiff, | Chapter 7 |
| v. | |
| John Joseph Dombeck and Patricia Anne Dombeck, Defendants. | Adversary No. 05-2700-MBM |

## MEMORANDUM

**AND NOW**, this **18th day** of **May, 2006**, upon consideration of (a) the adversary complaint filed by Walton Financial Services, Inc. (hereafter "Walton"), wherein Walton (i) seeks a determination that its claim against John and Patricia Dombeck, the instant debtors (hereafter "the Debtors"), for funds that it lent to them, in an alleged amount of $1,250.04, is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), and (ii) objects to the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(4), (b) the Debtors' counterclaim, which counterclaim was pled immediately following the Debtors' answer, wherein the Debtors seek costs and attorney's fees pursuant to 11 U.S.C. § 523(d) on the ground that Walton's § 523(a)(2)(A) cause of action is not substantially justified, and (c) the Debtors' Exhibit A, which exhibit (i) is a detailed statement of the fees charged by the Debtors' counsel in representing the Debtors in the instant matter, and (ii)

AO 72A
(Rev. 8/82)

evidences that such fees are equal to $3,772.50;

and subsequent to notice and a trial in the instant matter held on May 15, 2006,

it is **hereby determined that the Court, for the reasons briefly set forth below, shall issue an order (a) to the effect that Walton's claim is discharged, that is that such claim is not nondischargeable pursuant to § 523(a)(2)(A), (b) that overrules Walton's objection to discharge under § 727(a)(4), (c) to the effect that Walton's § 523(a)(2)(A) cause of action is not substantially justified, and (d) that grants judgment in favor of the Debtors, pursuant to § 523(d), for $3,772.50 for costs and attorney's fees**.

I.

As an initial matter, the Court must overrule Walton's discharge objection under § 727(a)(4) because, although Walton alleges that the Debtors made numerous false statements and fraudulently received property, such allegations clearly pertain to acts alleged to have been committed by the Debtors at times prior to their commencement of their bankruptcy case, namely as part of (a) a loan transaction between the parties that culminated some 78 days prior to the Debtors' filing for bankruptcy, and (b) a failed attempt by the Debtors to obtain a further extension of credit from Walton some 25 days prior to the commencement of bankruptcy. That Walton predicates its discharge objection upon acts alleged to have been committed by the Debtors at times prior to their commencement of their bankruptcy case is fatal to such discharge objection

given that § 727(a)(4) only provides as a ground for discharge objection that a debtor have committed certain enumerated acts "in or in connection with the [debtor's bankruptcy] case." 11 U.S.C.A. § 727(a)(4) (West 2004). The Court must also overrule Walton's discharge objection under § 727(a)(4) because Walton failed to prove at trial that the Debtors made any false statements or that the Debtors committed any fraud, let alone that they made false statements or committed fraud "in or in connection with [their bankruptcy] case."

II.

With respect to Walton's § 523(a)(2)(A) nondischargeability cause of action, Walton essentially contends (a) that, when the Debtors borrowed funds from Walton alleged to be in an amount equal to $1,250.04, the Debtors then intended to never repay such funds, and (b) that the foregoing constitutes fraud on the Debtors' part, which fraud, Walton also contends, enabled the Debtors to obtain such fund of money from Walton. As for proof that the Debtors never intended, when they borrowed such funds from Walton, to repay the same, Walton, as the Court understands it, points to nothing more than the following:

(a)   that the Debtors borrowed such funds some 78 days prior to their filing for bankruptcy;

(b)   that the Debtors never repaid any of such borrowed funds;

(c)   that the Debtors attempted to obtain a second loan of funds from Walton some 25 days prior to the commencement of bankruptcy; and

(d)   that the Debtors never informed Walton, when they unsuccessfully attempted to obtain the aforesaid second loan, that they were then

3

Document      Page 4 of 10

allegedly contemplating filing for bankruptcy.

At the outset, the Court accepts, as a matter of law, that actionable fraud can be found to exist so as to except a debt from discharge under § 523(a)(2)(A) if a creditor can prove that a debtor, at the time when such debtor obtained money, property, services, etc. from such creditor, then intended to never pay such creditor for the same. Unfortunately for Walton, the Court concludes that the foregoing proof does not operate, in fact such proof is woefully insufficient as a means, to carry Walton's burden of proving that the Debtors, when they borrowed money from Walton, then intended to never repay the same. The Court so concludes for several reasons.

First, Mrs. Dombeck testified at trial that (a) she lost her job at some point during the 78-day period between when the Debtors borrowed the money at issue from Walton and when they filed for bankruptcy, and (b) the Debtors, as a consequence, found themselves in dire financial straits. The Debtors offered such testimony as an explanation for why they (a) never repaid any of the funds that they borrowed from Walton, (b) attempted to obtain a second loan of funds from Walton some 25 days prior to their commencement of bankruptcy, and (c) ultimately filed for bankruptcy just 78 days subsequent to their borrowing of funds from Walton. Because the Court, after trial, concludes that the foregoing explanation by the Debtors is at least as likely to be true as is Walton's allegation of fraud on the Debtors' part, the Court is constrained to hold that Walton, merely by virtue of the first three items of proof that it relies upon, fails to preponderantly prove such fraud on the Debtors' part.

4

As for the final point by Walton that the Debtors never informed Walton, when they unsuccessfully attempted to obtain a second loan from Walton, that they were then contemplating filing for bankruptcy, the probative value of such point is entirely destroyed by (a) the testimony of Mrs. Dombeck to the effect that the Debtors did not consult bankruptcy counsel until at some point more than two weeks subsequent to when they failed in their attempt to obtain a second loan from Walton, and (b) virtue of the fact that Walton consequently fails to preponderantly prove that the Debtors were actually contemplating a bankruptcy filing when they unsuccessfully attempted to obtain a second loan from Walton.

In light of the foregoing, the Court must hold that (a) Walton's § 523(a)(2)(A) nondischargeability cause of action fails, and (b) Walton's claim is, therefore, discharged.

### III.

Having ruled that Walton's claim is discharged, the Court must then entertain the Debtors' counterclaim for costs and attorney's fees pursuant to § 523(d). Such counterclaim necessitates a determination by the Court as to whether the position taken by Walton in its § 523(a)(2)(A) nondischargeability cause of action – namely that the Debtors intended, when they borrowed money from Walton, to never repay the same – is substantially justified. *See* 11 U.S.C.A. § 523(d) (West 2004). The Court finds substantial justification to be lacking for Walton's theory for relief under § 523(a)(2)(A) – and thus its cause of action thereunder – for several reasons.

5

First, the Court identifies numerous flaws in the framework of Walton's position under § 523(a)(2)(A). For instance, Walton makes much of the fact that the Debtors attempted to obtain a second loan of funds from Walton some 25 days prior to the commencement of bankruptcy. However, and unfortunately for Walton, such fact bears no relevance to, and thus is not even probative of, the Debtors' state of mind (i.e., intent) some 53 days earlier when they were successful in borrowing money from Walton, which state of mind/intent is the linchpin of Walton's theory for relief and cause of action under § 523(a)(2)(A). As well, Walton focuses on (a) whether the Debtors had been contemplating a bankruptcy filing when they unsuccessfully attempted to obtain the aforesaid second loan, and (b) the fact that the Debtors failed to apprise Walton of such contemplation at such time, presuming *arguendo* that such contemplation could be proven. However, and unfortunately for Walton, even were it the case that the Debtors had been contemplating a bankruptcy filing when they unsuccessfully attempted to obtain the aforesaid second loan, and even were it the case that they had then neglected to inform Walton of such fact at such time, the foregoing would be of little utility to Walton in proving its theory for relief under § 523(a)(2)(A) given that the foregoing also bears no relevance to, and thus is not probative of, the Debtors' intent some 53 days earlier when they succeeded in borrowing money from Walton – for instance, even if the Debtors had been contemplating a bankruptcy filing at the time of the unsuccessful attempt at a second loan from Walton, such contemplation at that time would not have been probative of whether the Debtors were contemplating the same thing

some 53 days earlier. Having detected the foregoing flaws in Walton's theory for relief under § 523(a)(2)(A), such position by Walton reduces to nothing more than that, merely by virtue of the fact that (a) the Debtors borrowed money from Walton some 78 days prior to their filing for bankruptcy, and (b) they never repaid any of such borrowed money, a finding must follow that it is more likely than not that the Debtors borrowed such money with the intent to never repay the same. Such reduced position, the Court holds, is wholly without merit. The Court so holds because the predicate for such position – that is, that a debtor (a) borrows money shortly before filing for bankruptcy but nevertheless outside of the § 523(a)(2)(C) presumption period (i.e., 60 days prior to a bankruptcy filing for purposes of the instant adversary proceeding), and (b) never repays any of it – can never suffice, without more, to make it *more likely than not* that such debtor intended, when it borrowed such money, to never repay the same.

Second, Walton failed to investigate the substance of its § 523(a)(2)(A) nondischargeability cause of action either prior or subsequent to the filing of its adversary complaint, which failure impacts negatively upon Walton's justification for having pursued such cause of action.

In light of the foregoing, the Court holds that Walton's § 523(a)(2)(A) nondischargeability cause of action is not substantially justified, which means that the Debtors shall prevail on their counterclaim for costs and attorney's fees pursuant to § 523(d). Because the Debtors have established that such costs and fees are equal to $3,772.50, and given that Walton does not challenge the reasonableness of such costs and fees, and since the Court finds such costs

and fees to be reasonable as well, the Court determines that a judgment should issue in favor of the Debtors, pursuant to § 523(d), for $3,772.50 for costs and attorney's fees.

BY THE COURT

*[signature]*

M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge

**DATED:**     May 18, 2006

AO 72A
(Rev. 8/82)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>JOHN JOSEPH DOMBECK and<br>PATRICIA ANNE DOMBECK,<br><br>        Debtors. | Bankruptcy No. 05-21750-MBM |
| Walton Financial Services, Inc.,<br>        Plaintiff,<br><br>v.<br><br>John Joseph Dombeck and<br>Patricia Anne Dombeck,<br>        Defendants. | Chapter 7<br><br>Adversary No. 05-2700-MBM |

## ORDER OF COURT

**AND NOW**, this **18th day** of **May, 2006**, for the reasons set forth in the accompanying Memorandum of the same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that

(a)     the claim of Walton Financial Services, Inc. (hereafter "Walton") is **DISCHARGED**, that is such claim is not nondischargeable pursuant to § 523(a)(2)(A),

(b)     Walton's objection to discharge under § 727(a)(4) is **OVERRULED**,

(c)     Walton's § 523(a)(2)(A) cause of action is **NOT SUBSTANTIALLY JUSTIFIED**, and

    (d)    **judgment is GRANTED in favor of the Debtors**, pursuant to § 523(d),

for **$3,772.50** for costs and attorney's fees.

BY THE COURT



M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge

cm:    Paul W. Johnson, Esq.
420 Temple Building
New Castle, PA 16101

John Biondi, Esq.
983 Third Street
Beaver, PA 15009

Charles O. Zebley, Jr., Esq.
P.O. Box 2123
Uniontown, PA 15401

FILED

MAY 19 2006

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

2

AO 72A
(Rev. 8/82)